NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 5 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSEPH J. JONES,

Plaintiff-Appellant,

v.

SAGE CLIENT 327 LLC, DBA Sheraton Tucson,

Defendant-Appellee.

No. 14-16441

D.C. No. 4:12-cv-00637-RCC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief Judge, Presiding

Submitted July 26, 2016[**]

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Joseph J. Jones appeals pro se from the district court's summary judgment in

his employment action alleging violations of Title VII, the Age Discrimination in

Employment Act ("ADEA"), and Arizona law.   We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo, *Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1033 (9th Cir. 2005) and we affirm.

The district court properly granted summary judgment on Jones's claims arising from an alleged failure to promote because Jones failed to raise a genuine dispute of material fact as to whether he was rejected from the position he sought, and the hotel filled the position with an employee not of his protected class. *See Shelley v. Green*, 666 F.3d 599, 608 (9th Cir. 2012) (stating prima facie requirements for failure-to-promote claim under ADEA); *Dominguez-Curry*, 424 F.3d at 1037 (9th Cir. 2005) (stating same under Title VII).

The district court properly granted summary judgment on Jones's claims arising from alleged discriminatory work assignments because Jones failed to raise a triable dispute as to whether similarly situated employees were treated more favorably. *See Whitman v. Mineta*, 541 F.3d 929, 932 (9th Cir. 2008) (stating prima facie requirements for workplace discrimination claim under ADEA); *Aragon v. Republic Silver State Disposal Inc.*, 292 F.3d 654, 658 (9th Cir. 2002) (stating same under Title VII).

The district court properly granted summary judgment on Jones's hostile work environment claims because Jones failed to raise a triable dispute as to whether he was subjected to sufficiently severe or pervasive conduct. *See Manatt v. Bank of Am., NA*, 339 F.3d 792, 798 (9th Cir. 2003) (stating prima facie

14-16441

requirements for hostile work environment claim under Title VII); *Sischo-Nownejad v. Merced Cmty. Coll. Dist.*, 934 F.2d 1104, 1109 (9th Cir. 1991) (hostile work environment claim is cognizable under ADEA).

The district court properly granted summary judgment on Jones's constructive discharge claim because Jones failed to raise a triable dispute as to whether his working conditions were so outrageous that a reasonable person would feel compelled to resign. *See* Ariz. Rev. Stat. § 23-1502(A)(2) (requiring "[e]vidence of outrageous conduct by the employer or a managing agent of the employer, including sexual assault, threats of violence directed at the employee, a continuous pattern of discriminatory harassment by the employer or by a managing agent of the employer or other similar kinds of conduct").

Jones's contention that defendant failed to disclose witness declarations in a timely manner is unpersuasive.

**AFFIRMED.**